IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., and WEST VIRGINIA
HIGHLANDS CONSERVANCY INC.,

        Plaintiffs,

v.                                                                                  CIVIL ACTION NO. 3:08-0088

HOBET MINING, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Terminate Consent Decree and Dismiss Action (Doc. 102), filed in response to this Court's Order to show cause why this action should not be placed on the inactive docket (Doc. 97). For the following reasons, this motion is **GRANTED**.

**I. Background of the Case**

This action was filed by Plaintiffs, Ohio Valley Environmental Coalition, Inc. ("OVEC") and West Virginia Highlands Conservancy Inc., on February 7, 2008. *Compl.*, Doc. 1. Plaintiffs sought relief under the citizen enforcement provisions of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA") and the Surface Mining Control and Reclamation Act ("SMCRA"). *Id.* ¶ 9; *see also* 33 U.S.C. § 1365; 30 U.S.C. § 1270. Specifically, Plaintiffs sought injunctive and declaratory relief and civil penalties against Defendant, Hobet Mining ("Hobet"), for violations of the selenium effluent limitations contained in four of Defendant's West Virginia/National Pollutant

Discharge Elimination System ("WV/NPDES") permits and the associated permits issued pursuant to the West Virginia SMCRA. *See id.*

At the time Plaintiffs filed their Complaint, there was an ongoing civil action in the Circuit Court of Boone County (Civil Action No. 07-C-3), brought by the State of West Virginia, acting through the West Virginia Department of Environmental Protection. *Id.* ¶ 181. The WVDEP and Hobet entered into a consent decree as a result of this action, which established a series of compliance actions required of Hobet, including supplemental environmental projects and a compliance schedule for final selenium limits. *See Proposed Settlement & Consent Order*, Doc. 35-1. This Court found that the consent order and final settlement order in the state action mooted the majority of the claims in this action. *Memorandum Opinion & Order*, Doc. 46. The one remaining claim—civil penalties for violations occurring subsequent to March 2008—was resolved in the Consent Decree entered into by the parties on March 19, 2009. *See Consent Decree*, Doc. 54. Defendant was also required to conduct supplemental environmental programs, which have since been completed. *See id.*; *Def.'s Response to Show Cause Order & Mot. to Terminate Consent Decree & Dismiss Action* 2 n.1, Doc. 102. This Court, in its October 8, 2010 Order, denied Defendant's motion to modify the consent decree as moot, as there were no outstanding obligations remaining. Doc. 96. Subsequently, this Court ordered the parties to show cause why this case should not be placed on the inactive docket. Doc. 97. It is in response to this Order that Defendant filed its current motion to dismiss the action.

## II. Discussion

Defendant moves for a dismissal of this action pursuant to Rule 41.1 of the Local Rules of Procedure for the Southern District of West Virginia:

> When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown.

The requirements of Rule 41.1 have been satisfied. First, the principal issues in this action have been adjudicated. Pursuant to its October 8, 2010 Order, this Court found that the motion to modify the consent decree was moot "as Defendant has no further obligations under the Consent Decree . . . and Plaintiffs have not contended that Defendant should be held in contempt for failing to comply." *Order* 2, Doc. 96. Second, this Court provided notice to the parties through its November 22, 2010 Order that it was considering placing this action on the inactive docket. Doc. 97. Defendant's motion to dismiss pursuant to Rule 41.1 was filed on December 6, 2010. Doc. 102. Plaintiffs have had adequate notice to file a response in opposition if they so chose, but they have not responded to either this Court's Order or to Defendant's motion. Accordingly, the Court **TERMINATES** the Consent Decree (Doc. 54) as it applies to this action and **DISMISSES** this case, with prejudice, pursuant to Local Rule of Procedure 41.1.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                                       ENTER:        January 28, 2011

                                       ROBERT C. CHAMBERS
                                       UNITED STATES DISTRICT JUDGE